**1181 MEAD vs. COUNTY TREASURER (Ingham), 36 M., 415.**

To compel respondent to pay an order drawn by persons claiming to be superintendents of the poor.

Denied April 24, 1877.

Relator, Hayner, and Huntington were the county superintendents of the poor. The Board of Supervisors undertook to remove H. and H. and to appoint C. and W. in their stead, and ordered respondent to pay all orders signed by a majority of the superintendents as thus constituted.

Held, that the supervisors had no general authority to remove from office at their discretion "superintendents of the poor"; that such general authority to remove will not be implied as a consequence of the power to appoint; that on an application to require the county treasurer to pay an order drawn by persons claiming to be superintendents of the poor, the legal title of the officers will not be tried, but it appearing upon the record that their appointment was unauthorized, mandamus will not be granted unless it appears that notwithstanding the want of title, they have actual possession and are generally represented to be such officers, and are hence officers de facto; that immediate recognition by the supervisors of the appointment as one to be respected, cannot be regarded as of any importance, nor can recognition of the new appointees by relator tend to show that they were officers de facto, he having been a party to the controversy out of which resulted the attempted removal. In mandamus cases, where the matter is heard on petition and answer, the answer is to be taken as true, and the statement therein that the superintendents sought to be illegally removed, have retained the files and records of their office, have constantly denied the right to make the removal and have continued to act as officers, is conclusive against the claim of the new appointees that they have acted as such officers with general acquiesence in their right.